Geoffrey E. Dobbin
Geoff@DobbinIPLaw.com
UT Bar #9371
DOBBIN IP LAW, P.C.
Attorney for Defendant
2250 S Redwood Road, Suite 5
West Valley City, UT 84119-1355
801-969-6609

JAY JOHNSON, *pro hac vice to be filed*
jay@kjpllc.com
TX State Bar No. 24067322
D. BRADLEY KIZZIA, *pro hac vice to be filed*
bkizzia@kjpllc.com
TX State Bar No. 11547550
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
214-451-0164
Fax: 214-451-0165

Attorneys for Plaintiff, Social Positioning Input Systems, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| SOCIAL POSITIONING INPUT SYSTEMS, LLC, | § § § | |
| Plaintiff, | § § | Case No: 2:21-cv-00523-DBP |
| vs. | § § | PATENT CASE |
| AUTOMILE, INC., | § § § | |
| Defendant. | § § § | |

## COMPLAINT

Plaintiff Social Positioning Input Systems, LLC ("Plaintiff" or "SPIS") files this

Complaint against Automile, Inc. ("Defendant" or "Automile") for infringement of United States

Patent No. 9,261,365 (hereinafter "the '365 Patent").

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

4.      On information and belief, Defendant is a Delaware corporation with its principal office located at 2100 W Pleasant Grove Blvd., Suite 300, Pleasant Grove, UT 84062. On information and belief, Defendant may be served through its agent, CT Corporation System, 1108 E South Union Ave., Midvale, UT 84047.

5.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.      On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7.      On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to reside in this District.   Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 9,261,365)

8.      Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.      This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq.*

10.      Plaintiff is the owner by assignment of the '365 Patent with sole rights to enforce the '365 Patent and sue infringers.

11.      A copy of the '365 Patent, titled "Device, System and Method for Remotely Entering, Storing and Sharing Addresses for a Positional Information Device," is attached hereto as Exhibit A.

12.      The '365 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.      Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '365 Patent by making, using (at least by having its employees, or someone under Defendant's control, test the accused Product), importing, selling, and/or offering for sale associated hardware and software for asset locating services (e.g., Automile asset tracking platform, and any associated hardware, apps, or other software) ("Product") covered by at least Claim 1 of the '365 Patent. Defendant has infringed and continues to infringe the '365 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

14.      The Product provides an asset tracking system for real-time GPS tracking of assets. A user can receive location information on a positional information device (e.g., mobile device or computer). Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://www.automile.com/fleet-tracking
Source: http://content.automile.com/product-brochure/Automile_Product_Brochure_2017_ENG.pdf

15.     The Product software sends a request from a first (requesting) positional information device (e.g., mobile device or desktop with software installed) to a server.  The request is for the real-time location (e.g., stored address) of an asset, and includes a first identifier of the requesting positional information device (e.g., user ID and password for the Product software used in the particular enterprise).   The request is sent to the Product server for transmitting the asset location. The server receives the at least one address from a second (sending) positional information device at the asset (e.g., employee mobile phone).  Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://content.automile.com/user-guide/AutomileProUserGuide.pdf

The Automile Box is equipped with its own SIM card. As soon as you connect the device to the OBD port, which is standard in most vehicles, the GPS starts to transmit its location.

Source: https://automile.zendesk.com/hc/en-us/articles/212163843-Do-I-need-to-purchase-any-additional-products-

Since the Automile Box doesn't rely on a connection from a smartphone to the unit, there is no requirement to use your phone!

Each device has a built-in SIM card that sends data points and GPS that provides the vehicle location, which is how we are able to provide up-to-date location information and notifications.

You can access all your data by signing into app.automile.com.

The mobile app has the almost the same feature sets as the web app and is a complement to the web interface.

Source: https://automile.zendesk.com/hc/en-us/articles/210665246-Can-I-use-the-Automile-Box-without-a-smartphone-



Source: https://app.automile.com/login?ReturnUrl=%2f

16.    The at least one address is received from the server at the requesting positional information device. For example the Product's server transmits the position of an asset (at least one address) to the requesting positional information device. Certain aspects of this element are illustrated in the screenshot(s) below and/or in those provided in connection with other allegations herein.



Source: https://content.automile.com/user-guide/AutomileProUserGuide.pdf

Source: https://automile.zendesk.com/hc/en-us/articles/212163843-Do-I-need-to-purchase-any-additional-products-

Source: https://automile.zendesk.com/hc/en-us/articles/210665246-Can-I-use-the-Automile-Box-without-a-smartphone-

17.     A second identifier for the second (sending) positional information device is determined based on the first identifier and the server retrieves the at least one address stored in

the at least one sending positional information device.  The Product application installed on the

requesting positional information device requests (from the server) the asset's GPS location (i.e.,

at least one stored address stored).  As shown above, before activating the tracker (i.e., the

sending positional information device), a unique tracking device's ID number or credentials (i.e.,

second identifier) needs to be added to the user's account identified by the user login ID and

password (i.e., the first identifier). Hence, the tracker device's ID number or asset credentials

(i.e., second identifier) is mapped to the user's login ID (i.e., the first identifier) for tracking the

real-time location (i.e., at least one stored address stored) of the asset. Certain aspects of this

element are illustrated in the screenshot(s) below and/or in those provided in connection with

other allegations herein.



Source: https://www.automile.com/fleet-tracking
Source: http://content.automile.com/product-brochure/Automile_Product_Brochure_2017_ENG.pdf



Source: https://play.google.com/store/apps/details?id=io.automile.automilepro&hl=en_IN&gl=US
Source: Screenshot taken from Smartphone.

The Automile Box is equipped with its own SIM card. As soon as you connect the device to the OBD port, which is standard in most vehicles, the GPS starts to transmit its location.

Source: https://automile.zendesk.com/hc/en-us/articles/212163843-Do-I-need-to-purchase-any-additional-products-

Since the Automile Box doesn't rely on a connection from a smartphone to the unit, there is no requirement to use your phone!

Each device has a built-in SIM card that sends data points and GPS that provides the vehicle location, which is how we are able to provide up-to-date location information and notifications.

You can access all your data by signing into app.automile.com.

The mobile app has the almost the same feature sets as the web app and is a complement to the web interface.

Source: https://automile.zendesk.com/hc/en-us/articles/210665246-Can-I-use-the-Automile-Box-without-a-smartphone-



Source: https://app.automile.com/login?ReturnUrl=%2f

18.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

19.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

20.     Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,261,365 (or, in the

alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance

with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under

law or equity.

Dated: September 3, 2021.                         Respectfully submitted,

/s/ Geoffrey E. Dobbin
Geoffrey E. Dobbin
Geoff@DobbinIPLaw.com
UT Bar #9371
DOBBIN IP LAW, P.C.
Attorney for Defendant
2250 S Redwood Road, Suite 5
West Valley City, UT 84119-1355
801-969-6609

JAY JOHNSON, *pro hac vice to be filed*
jay@kjpllc.com
TX State Bar No. 24067322
D. BRADLEY KIZZIA, *pro hac vice to be filed*
bkizzia@kjpllc.com
TX State Bar No. 11547550
KIZZIA JOHNSON, PLLC
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
214-451-0164
Fax: 214-451-0165

Attorneys for Plaintiff, Social Positioning Input
Systems, LLC